# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CINDY OWENS § | |
| § | |
| v. § | CIVIL ACTION NO. 3:20-CV-3614-S |
| § | |
| EQUIFAX INFORMATION SERVICES, § | |
| LLC, EXPERIAN INFORMATION § | |
| SOLUTIONS, INC., INNOVIS DATA § | |
| SOLUTIONS, INC., TRANS UNION, § | |
| LLC, and NATIONSTAR MORTGAGE, § | |
| LLC § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Innovis's Motion to Dismiss ("Motion") [ECF No. 32]. Having considered the Motion, Defendant Innovis's Brief in Support of its Motion to Dismiss [ECF No. 30], Plaintiff's Response and Memorandum in Opposition to Defendant Innovis Data Solutions, Inc.'s Motion to Dismiss ("Response") [ECF Nos. 34 and 35], and Defendant Innovis's Reply Brief in Support of its Motion to Dismiss [ECF No. 38], and for the reasons explained below, the Court **GRANTS** the Motion.

### I. BACKGROUND

Plaintiff Cindy Owens ("Plaintiff"), a consumer, brings claims against four consumer reporting agencies ("CRAs") and one furnisher of consumer information for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*[1] Compl. [ECF No. 1] ¶ 2. Defendant Nationstar Mortgage, LLC ("Nationstar") issues mortgages and provides consumer information to CRAs, including the four CRA Defendants: Trans Union LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and

---

[1] All subsequent undesignated statutory references are to Title 15 of the United States Code.

Innovis Data Solutions, Inc. ("Innovis"). *Id.* ¶¶ 1-8. Plaintiff reached respective settlements with Equifax on March 24, 2021, Nationstar on May 24, 2021, and Trans Union on September 14, 2021. *See* ECF Nos. 33, 39, 40, 42, and 43. Only her claims against Innovis and Experian remain.

In November 2004,[2] Plaintiff secured a home mortgage from Bank of America. *Id.* ¶ 12. Bank of America transferred the mortgage to Nationstar in November 2011. *Id.* ¶ 13. Plaintiff made timely payments to Nationstar each month thereafter through August 2013, when she underwent "either a loan modification or forbearance with Nationstar." *Id.* ¶ 14. Plaintiff alleges that she made a series of "trial payments" in October, November, and December 2018 in pursuit of a second loan modification, which Plaintiff claims occurred in January 2019. *Id.* ¶ 16. The records included as exhibits to the Complaint show that Plaintiff's mortgage was transferred from Nationstar to Select Portfolio Servicing ("SPS") in October 2019. *See* Compl. Ex. C at 10, Ex. E at 7. According to Plaintiff, she timely paid each month following the modification, from January 2019 to present. Compl. ¶ 17. However, Plaintiff's mortgage payment history indicates that Plaintiff paid late or not at all for several months following the modification. *See* Compl. Ex. A.

In February 2020, Plaintiff requested a copy of her credit file "assembled, evaluated, and disbursed by Innovis," at which time she "noticed that her Nationstar mortgage account was reporting inaccurately."[3] *Id.* ¶ 28. A copy of the February 2020 Innovis credit report is attached to the Complaint as Exhibit E. The February 2020 Innovis report shows late payments on the Nationstar account for several months between August 2013 and July 2019, and reports Plaintiff's SPS account as current and "never past due." Compl. Ex. E at 7.

---

[2] While the Complaint alleges Plaintiff obtained the mortgage in 2014, the Court understands this to be a typographical error in light of the account records attached as exhibits to the Complaint and other relevant dates alleged. *See generally* Compl. Exs. A-E [ECF Nos. 1-2, 1-3, 1-4, 1-5, and 1-6].

[3] Plaintiff alleges her account was reporting inaccurately for August through October 2013; February 2014; February, September, November and December 2017; February and April through December 2018; and January through July 2019. Compl. ¶ 29.

Around May 20, 2020, Plaintiff disputed the reporting of the Nationstar account with each CRA Defendant, including Innovis. Compl. ¶ 32. Plaintiff's dispute letter, which is attached as Exhibit I to the Complaint [ECF No. 1-10], requested that Innovis "conduct a reasonable investigation" and "remedy the inaccuracies" on her credit report concerning the Nationstar mortgage account. *Id.*; Compl. Ex. I at 1. The letter included Plaintiff's mortgage payment history and the Trans Union and Equifax credit reports relating to Plaintiff's Nationstar account. *Id.* It also listed several months that Plaintiff claims were inaccurately reported as late. *Id.* However, the exhibits to the Complaint show that Innovis reported Plaintiff's account as timely paid for at least six of the months Plaintiff disputed as inaccurate. *Compare id. with* Ex. E at 7; *see also* Compl. ¶ 29 (listing allegedly inaccurate months). Further, the mortgage payment history Plaintiff provided to Innovis showed that Plaintiff had in fact paid late or not at all for several other months identified in her dispute letter. *See* Compl. Ex. I at 5-8. Nevertheless, it appears from the Complaint exhibits that Plaintiff did make timely monthly payments for at least some of the months Innovis reported as late. *Id.*; Compl. ¶ 29; Compl. Ex. E at 7.

Innovis sent a letter responding to the dispute on July 1, 2020. Compl. ¶¶ 50-51. In the letter, which is attached to the Complaint as Exhibit K [ECF No. 1-12], Innovis advised that it had investigated the disputed items and, as a result of its investigation, deleted the Nationstar account from Plaintiff's credit report. *Id.* ¶¶ 50-52; Compl. Ex. K at 2. Accordingly, following the investigation, Plaintiff's credit file only included the SPS mortgage account, which Innovis reported as "current" and "never past due." Compl. Ex. K at 5.

Plaintiff sued Innovis, Nationstar, and the other CRA Defendants on December 10, 2020. *See* ECF No. 1. Plaintiff alleges that by removing the entire Nationstar tradeline, Innovis "chose to verify false information from an unreliable source, failed to correct the inaccurate information,

3

and continued to publish inaccurate information regarding Plaintiff's Nationstar mortgage account." Compl. ¶ 52. Plaintiff further claims that Innovis did not consider any of the information provided by Plaintiff "in accordance with Innovis's standard procedures," and did not attempt to "substantially or reasonably verify the Nationstar reporting lines." *Id.* ¶ 53. Based on these allegations, Plaintiff asserts claims against Innovis for willful and negligent violations of the FCRA. *Id.* ¶¶ 91, 96. Innovis moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).[4]

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

---

[4] All subsequent undesignated rule references are to the Federal Rules of Civil Procedure.

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Accordingly, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint." *Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014) (quoting *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

### III. ANALYSIS

Plaintiff asserts claims against Innovis under §§ 1681e and 1681i of the FCRA. First, Plaintiff alleges that Innovis failed to follow reasonable procedures to assure maximum possible accuracy of the information in her credit report and credit file as required by § 1681e(b). Plaintiff appears to allege two separate § 1681e(b) violations based on (1) Innovis's failure to adopt reasonable procedures to ensure the accuracy of her information, which purportedly led to the initial reporting of her Nationstar account as late, and (2) Innovis's failure to take reasonable steps to ensure the accuracy of Plaintiff's information by deleting, as opposed to updating, the Nationstar account following her dispute. Compl. ¶¶ 85-89.

Plaintiff also asserts a claim under § 1681i(a)(1)(A), which requires CRAs to conduct a reasonable investigation into any information that a consumer disputes and that CRAs retain in the consumer's file. *See Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 794 (N.D. Tex. 2014) (quoting *Williams v. Credit Prot. Ass'n Trans Union, LLC*, Civ. A. No. 3:09-cv-1146-L-BH, 2009 WL 3719407, at *3 (N.D. Tex. Nov. 3, 2009)). Plaintiff alleges Innovis violated this provision by "failing to delete inaccurate information in her credit file after receiving notice of the inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information

to Nationstar, failing to maintain reasonable procedures with which to filter and verify disputed information," and relying on verification from Nationstar— "a source it has reason to know is unreliable." Compl. ¶ 94. Despite some internal contradictions within the Complaint, including Plaintiff's allegation that Innovis violated the FCRA "by failing to *delete* inaccurate information in her credit file after receiving notice of the inaccuracies," *id.* (emphasis and boldface added), the gist of Plaintiff's claim is that Innovis's deletion of the Nationstar tradeline for Plaintiff's account was not the result of a reasonable investigation under § 1681i. *Compare id. with id.* ¶ 53; *see also* Pl.'s Resp. [ECF No. 35] at 8, 12 (clarifying that "Plaintiff meant that Innovis should delete incorrect information by actually conducting an investigation," and in the alternative seeking leave to amend the Complaint by changing "delete" to "correct" in paragraph 94).

Innovis argues that Plaintiff's claims under both §§ 1681e(b) and 1681i should be dismissed under Rule 12(b)(6) because "it is not an FCRA violation to delete an item of information from a credit file." Def.'s Br. [ECF No. 30] at 20. Innovis also contends that, even if it is possible to base a claim on the deletion of information, Plaintiff has not pleaded sufficient facts to state claims for relief under either provision. The Court agrees that any claim under §§ 1681e(b) or 1681i based on Innovis's omission of the Nationstar account following Plaintiff's dispute is foreclosed by Fifth Circuit precedent. Nor has Plaintiff pleaded sufficient facts to support a claim for violation of § 1681e(b) based on Innovis's pre-dispute reporting.

### A.   *Deletion of Nationstar Account Tradeline*

To succeed on a claim "under either Section 1681e(b) or Section 1681i, a plaintiff must prove that her consumer reports included inaccurate information." *Coyle v. Experian Info. Sols., Inc.*, Civ. A. No. 3:19-cv-02645-M, 2020 WL 3052228, at *2 (N.D. Tex. June 7, 2020) (citations omitted). The Fifth Circuit recently held in *Hammer v. Equifax Information Services, L.L.C.* that a credit report does not become inaccurate simply because there is an omission, but only when the

omission "renders the report misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." 974 F.3d 564, 568 (5th Cir. 2020). Accordingly, the omission of a particular obligation from a credit report is not an FCRA violation. *Id.*; *see also Coyle*, 2020 WL 3052228, at *3 (dismissing §§ 1681e(b) and 1681i claims where plaintiff alleged only that a particular account was not reported).

In this case, Plaintiff complains that Innovis violated §§ 1681e(b) and 1681i by deleting the Nationstar account from her credit report after Plaintiff disputed Innovis's reporting of that account. But "[t]he FCRA requires only that the information *contained* in the report be accurate." *Hart v. Equifax Info. Servs., LLC*, No. 4:19-cv-712-A, 2020 WL 5819361, at *2 (N.D. Tex. Sept. 30, 2020) (citing *Knox v. Equifax Info. Servs. Co.*, No. 3:19-cv-02581-E, 2020 WL 4339016, at *2 (N.D. Tex. July 28, 2020)) (emphasis added). Plaintiff does not allege that Innovis ever reported any inaccurate information regarding her mortgage with SPS or that any information maintained or reported by Innovis was inaccurate following her dispute. Rather, Plaintiff alleges that the deletion of her Nationstar mortgage rendered her report inaccurate.

Plaintiff's attempts to distinguish between omission and deletion for purposes of § 1681e(b) fail. She misquotes *Hart v. Equifax Information Services, LLC* for the proposition that "deletion of certain information may violate § 1681e(b) if doing so leads to a misleading report," Pl.'s Resp. at 10, omitting a key qualifier: that "deletion of certain *positive* information" may violate the FCRA. *Hart*, 2020 WL 5819361, at *2 (emphasis added). In *Hart*—which was decided prior to the Fifth Circuit's decision in *Hammer*—the court denied the CRA defendant's motion to dismiss where its "deletion of ninety-two positive and paid-off accounts might have constituted a failure to 'follow reasonable procedures to assure maximum possible accuracy' because it might have caused the report to be so incomplete as to be misleading regarding plaintiff's positive credit

7

history." *Id.* Unlike the consumer in *Hart*, Plaintiff has only alleged that her negative Nationstar account was deleted. *See id.*

Accordingly, Plaintiff does not plead facts supporting an inference that Innovis's deletion of the negative account history could "be expected to adversely affect credit decisions." *Hammer*, 974 F.3d at 568. Because Plaintiff's allegations do not demonstrate that the omission of the Nationstar account made the report inaccurate or misleading, the Court finds she has not plausibly pleaded a violation of § 1681e(b). *See id.*; *Knox*, 2020 WL 4339016, at *2; *Coyle*, 2020 WL 3052228, at *3.

Plaintiff's claim under § 1681i fails for the same reason. Accepting as true that Innovis inaccurately reported her information prior to her dispute, Plaintiff has not alleged facts supporting an inference that Innovis failed to reasonably investigate the disputed information and "promptly delete that item of information" as required under § 1681i. *See* § 1681i(a)(5)(A). In fact, the very basis for Plaintiff's claim is that Innovis deleted the Nationstar account tradeline that she complained was inaccurate. Compl. ¶ 52. It is difficult to harmonize Plaintiff's allegation that Innovis "continued to publish inaccurate information regarding Plaintiff's Nationstar mortgage account" with the allegation that Innovis improperly deleted that account. *Id.* This is particularly true where the Innovis credit report attached as Exhibit K to the Complaint corroborates that Innovis did not report information regarding Plaintiff's Nationstar account following its investigation. *See Hollingshead*, 589 F. App'x at 737.

Plaintiff thus fails to state a claim against Innovis for violation of either §§ 1681e(b) or 1681i based on Innovis's deletion of Plaintiff's Nationstar account.

### B.  *Liability for Pre-Dispute Reporting Under § 1681e(b)*

Though not clear on the face of the Complaint, Plaintiff asserts in response to Innovis's Motion that Innovis also violated § 1681e(b) based on its reporting of her mortgage account *prior*

8

to her May 2020 dispute. Pl.'s Resp. at 8. The Court will thus examine whether any claim lies under § 1681e(b) based on Innovis's pre-dispute reporting.

Section 1681e(b) requires CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information" when preparing a credit report. § 1681e(b). The FCRA "does not hold a CRA strictly liable for all inaccuracies," but rather requires that a CRA adopt reasonable procedures for credit reporting. *Hammer*, 974 F.3d at 568; *Shigenaga v. Equifax Info. Servs., LLC*, No. 3:20-cv-1202-E, 2021 WL 764029, at *2 (N.D. Tex. Feb. 26, 2021). To recover for violations of § 1681e(b), "a plaintiff must demonstrate that an inaccuracy in her credit report resulted from the agency's negligent or willful failure to use reasonable procedures when the report originally was prepared, not upon reinvestigation." *Shaunfield*, 991 F. Supp. 2d at 798 (quoting *Waggoner v. Trans Union, LLC*, Civ. A. No. 3:02-cv-1494-G, 2003 WL 22220668, at *6) (internal quotations omitted). Accordingly, to hold Innovis liable on this basis, Plaintiff would have to plead facts showing that an inaccuracy in her credit report resulted from Innovis's failure to use reasonable procedures when the report was originally prepared. *Id.* at 798.

The Complaint alleges that (1) Innovis was inaccurately reporting Plaintiff's Nationstar account in February 2020, (2) Plaintiff requested a reasonable investigation of that information, and (3) Innovis deleted the inaccurate Nationstar tradeline in response. Compl. ¶¶ 28-29, 32, 52-53. Plaintiff claims Innovis's response "failed to ensure accuracy," and that "*[u]pon Plaintiff's request* to Innovis for verification and addition regarding the Nationstar mortgage account," Innovis failed to consider Plaintiff's information or verify the Nationstar reporting lines "in accordance with Innovis's standard procedures." *Id.* ¶¶ 52-53 (emphasis and boldface added).

Absent from the Complaint are any allegations relating to whether Innovis's inaccurate reporting resulted from its failure to adopt reasonable procedures for credit reporting prior to

9

Plaintiff's request for verification. *See id.* Rather, Plaintiff's only allegation about Innovis's pre-dispute reporting is that Plaintiff's "Nationstar mortgage account was inaccurately reporting late." *Id.* ¶ 29. Plaintiff effectively seeks to hold Innovis liable on this basis without offering any facts relating to whether or how it failed to adopt reasonable procedures to ensure the accuracy of her information. But as discussed above, § 1681e(b) "does not hold a CRA strictly liable for all inaccuracies," and instead judges a CRA's procedures based on "what a reasonably prudent person would do." *Hammer*, 974 F.3d at 568.

Further, the Nationstar payment history attached to the Complaint belies Plaintiff's assertion that she always made timely monthly payments. *Compare* Compl. ¶ 17 *with* Compl. Ex. A (showing late or no payments for September, October, November, and December 2013, March 2014; February, March, September, and November 2017; April, August, October, and December 2018; and May, June, July, and August 2019). Here, the sole basis for an inference that Innovis failed to adopt reasonable procedures is the allegation that it inaccurately reported Plaintiff's account as late. Compl. ¶¶ 28-29. But where this allegation is controverted by exhibits to the Complaint, the Court declines to infer that Innovis acted unreasonably on this basis alone. *See Hollingshead*, 589 F. App'x at 737 (holding plaintiff's conclusory allegation that defendant improperly denied benefits was insufficient to survive dismissal where it was contradicted by documents attached to the complaint).

Plaintiff does not offer any facts to support an inference that the alleged inaccuracies resulted from Innovis's willful or negligent "failure to use reasonable procedures when the report was originally prepared" as required to state a claim for Innovis's pre-dispute reporting under the FCRA. *Shaunfield*, 991 F. Supp. 2d at 798. The Court thus finds that Plaintiff has not plausibly

10

pleaded a violation of § 1681e(b) based on Innovis's pre- or post-dispute reporting of her Nationstar account.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Innovis's Motion to Dismiss. Plaintiff shall have **30 days** from the date of this Order to file an amended complaint. If an amended complaint is not filed within such time, Plaintiff's claims will be dismissed with prejudice.

**SO ORDERED.**

SIGNED September 19, 2021.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE